**SHOU XIONG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–0783–ag NAC.**

United States Court of Appeals, Second Circuit.

Aug. 24, 2006.

Michael Brown, New York, NY, for Petitioner.

R. Alexander Acosta, U.S. Atty., Southern District of Florida; Anne R. Schultz, Chief, Appellate Division; Lisette Reid, Jonathan D. Colan, Asst. U.S. Attys., Miami, FL, for Respondent.

Present JON O. NEWMAN, GUIDO CALABRESI and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shou Xiong Chen, through counsel, petitions for review of the BIA's January 2006 order affirming Immigration Judge ("IJ") William F. Jankun's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406

(2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ As an initial matter, the Court may review the IJ's pretermission of the asylum claim because Chen raises a meritorious question of law in arguing that his prior counsel's disbarment was prima facie evidence of ineffective assistance, thereby excusing him from the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1998). *See* 8 U.S.C. § 1158(a)(3) (providing that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D)); *see also* 8 U.S.C. § 1252(a)(2)(D) (providing that the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law"). However, Chen's argument is unavailing. While it is undisputed that Chen's prior counsel was disbarred for reasons related to his legal practice, Chen failed to establish that his counsel provided ineffective assistance in his particular case, and similarly, to provide a rationale as to why the *Lozada* requirements would be rendered unnecessary based on the fact of counsel's disbarment. Therefore, because Chen failed to comply with the procedural requirements of *Lozada*, or to explain why he did not attempt to meet them, the BIA reasonably found that he failed to establish extraordinary circumstances to exempt him from the one-year filing deadline for asylum applications. *Cf. Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005) (holding that an alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim).

■ With respect to the analysis of Chen's claim for withholding of removal, it is questionable whether the inconsistencies between Chen's testimony and his asylum application are of sufficient significance to support a finding that the testimony is not credible. However, the record as a whole provides substantial evidence to support the IJ's conclusion that, even if Chen's testimony was credible, he has not established a clear probability that he would be persecuted if he returned to the People's Republic of China.

Both the BIA and the IJ reasonably determined that Chen failed to establish a clear probability that he would be persecuted based on his single confrontation with the family planning officials. The IJ accurately observed that Chen received only minor injuries and a warning for attempting to help his distant relative. Chen did not indicate that he intended to resist the family planning officials if returned to China, he did not argue that his current situation would trigger the implementation of the family planning policy against him, and he stated that he no longer had contact with the distant relative.

The BIA and the IJ also reasonably determined that Chen failed to establish a clear probability that he would be persecuted based on his support for Falun Gong practitioners. Chen acknowledged that he is not a practitioner of Falun Gong. Although he claimed to have spoken to others about the benefits of Falun Gong, the only indication that the Chinese authorities showed any interest in him with respect to

Falun Gong activities was one instance when they came to his home to find the source of some Falun Gong books, which he had kept there for a friend. When he declined to answer their questions, the authorities hit and kicked him and detained him for a day, but he was let go in the evening, apparently after his father bribed an officer. There is no claim of any other action taken or threatened against Chen prior to his leaving China. Although, in some circumstances, a persecution claim might be established on the theory that the authorities would impute to a petitioner the political views of Falun Gong adherents, *see Chun Gao v. Gonzales,* 424 F.3d 122, 129–30 (2d Cir.2005), there is no claim in this case that Chen engaged in selling Falun Gong books, as in *Chun Gao,* and he acknowledges that he is not a practitioner of Falun Gong.

On this record, it was reasonable for the BIA and the IJ to conclude that Chen had not sustained his burden of establishing a clear probability of persecution. Because Chen fails to meaningfully raise the denial of his CAT claim in his petition for review, any challenge to the IJ's resolution of this issue is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).